813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ROXALANA HILLS, LTD., Plaintiff-Appellant,
v.
MASONITE CORPORATION; McCoy Industries Inc.; Defendant and
Third Party Plaintiff-Appellee,
v.
DIAMOND HILL PLYWOOD COMPANY, a North Carolina Corporation,
Third Party Defendant-Appellee.
 No. 86-3065.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 11, 1986.
Decided March 3, 1987.
 
 Before ERVIN, WILKINSON and WILKINS, Circuit Judges.
 S. Gordon Elkins (Jeffrey A. Lutsky; Stradley, Ronon, Stevens & Young; John T. Poffenbarger; Hamb, Poffenbarger & Williams, on brief), for appellant.
 Jay A. Canel (Stephen D. Davis; John M. Slack, III; Shawn P. George; Jackson, Kelly, Holt & O'Farrell, on brief), for appellees.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the district court granting judgment for defendant Masonite Corporation ("Masonite"). Roxalana Hills, Ltd. ("Roxalana") sued Masonite in strict liability, negligence, and breach of warranty for property damage caused by the siding material that Masonite manufactured and Roxalana installed on buildings in its apartment complex. The district judge dismissed the tort claims on the pleadings. He held that the breach of warranty claims were barred by the applicable statute of limitations, W.Va.Code Sec. 46-2-725 (1966). The court also denied Roxalana leave to amend its complaint to plead punitive damages.
 
 
 2
 We agree with the district court's decision, which is reported at 627 F.Supp. 1194 (S.D.W.Va.1986), and with most of the reasoning it ets out. Roxalana had a classic breach of warranty claim but waited too long to file suit. Its attempt to avoid the statute of limitations by converting the case into a tort action fails.
 
 
 3
 We note, however, that the district court misconceived the requirements for a strict-liability-in-tort action under West Virginia law. The court cited the leading case of Star Furniture Co. v. Pulaski Furniture Co., 297 S.E.2d 854 (W.Va.1982), and concluded that Star Furniture "fairly clearly indicates that a sudden calamitous event is required to support an action in strict liability in tort." 627 F.Supp. at 1196.[1]
 
 
 4
 Star Furniture borrowed the "sudden and calamitous" language from an Alaska decision, Cloud v. Kit Mfg. Co., 563 P.2d 248, 251 (Alaska 1977). See 297 S.E.2d at 859, n. 4. In Cloud, plaintiffs claimed that the foam rug padding in their mobile home caused property damage when it ignited, burning the home. The Alaska court agreed and afforded recovery on a strict liability theory. The court stated:
 
 
 5
 We recognize that the line between economic loss and direct property damage is not always easy to discern, particularly when the plaintiff is seeking compensation for loss of the product itself. We cannot lay down an all inclusive rule to distinguish between the two categories; however, we note that sudden and calamitous damage will almost always result in direct property damage and that deterioration, internal breakage and depreciation will be considered economic loss.
 
 
 6
 563 P.2d at 251. The "sudden and calamitous" language in Cloud was merely descriptive, not all-inclusive. The Alaska courts were quick to point this out in subsequent decisions. For example, in Northern Power & Eng. v. Caterpillar Tractor, 623 P.2d 324 (Alaska 1981), the court stressed that "[t]here is nothing magical about the phrase 'sudden and calamitous.' Our purpose in using that phrase was merely to illustrate those instances in which 'property damage' is most likely to be found." Id. at 328. The court also emphasized that this phrase "has never been the test of what constitutes property damage." Id. at 328 n. 5; see also Shooshanian v. Wagner, 672 P.2d 455, 464 (Alaska 1983).
 
 
 7
 We disagree with the district court's means, but not its ends. The court properly found that Roxalana complained of nothing more than a bad bargain, an economic loss. Roxalana failed to allege actual property damage stemming from a dangerous condition. See Northern Power & Eng.
 
 
 8
 For these reasons, the decision of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The district court's later observation, which qualifies this statement, is more accurate:
 If the West Virginia Court already has not determined that a calamitous or sudden event is required to trigger tort liability, it would, at least, require something other than an allegation of a bad bargain.
 
 
 [627]
 F.Supp. at 1197